Richter, J.,
concurs in a separate memorandum as follows: I write separately because I would affirm the court’s finding that the identification procedures were not suggestive. I agree with the majority’s recitation of the facts surrounding defendant’s alleged assault on the officers, and therefore need not repeat those facts here. However, the record does not establish what happened after defendant was handcuffed. Nor does it establish that an identification was made by either officer at that time. Officer Anthony testified that he immediately left the area after defendant was subdued, and Officer Feluso gave no testimony *449 about what occurred following the alleged assault.* Furthermore, defendant was not arrested until seven weeks later, and the arresting officer was not called as a witness at the suppression hearing. Nor did any members of the probe team who entered after the assault testify at the hearing. Thus, there was a significant period of time between the incident, the identification procedures and the arrest, and we must address the alleged suggestiveness of the photo arrays that were shown to the officers (see e.g. People v Garner, 71 AD3d 491 [1st Dept 2010], lv denied 14 NY3d 888 [2010]).
Although the motion court did not use the word “suggestiveness” in its decision, it is apparent that the court made a finding that the procedures used did not taint the in-court identifications. Neither the composition of the photo arrays nor the conduct of the officers overseeing the procedures created “a substantial likelihood that the defendant would be singled out for identification” (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). Although the background of defendant’s photograph is slightly lighter than some of the other individuals in the array, Officer Anthony testified that the original array he viewed was “lighter” and Officer Peluso recalled his original array as being “clear.” Nothing was said by the officer who administered the photo array that would have led the viewing officers to pick out defendánt. Thus, the motion to suppress was properly denied.

 The majority impermissibly relies on trial testimony that defendant was taken onto a bus to have his picture taken after the incident. No such evidence was presented at the suppression hearing. Nor was there evidence at the hearing that any picture was shown to either of the victim officers on the day of the assault.